ALAN L. GERACI, APC
Alan L. Geraci, SBN 108324
Stephen F. Lopez, SBN 125058
1331 W. 1st Street, Suite 102
Santa Ana, CA 92703
Tel: (714) 760-9753
Fax: (714) 242-6944

Attorneys for Plaintiff SILVIO ANTONIO PERALTA



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIO ANTONIO PERALTA, <br><br> Plaintiff, <br><br> vs. <br><br> PEOPLE'S CHOICE HOME LOAN, INC., a dissolved Wyoming corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WILSHIRE CREDIT CORPORATION; QUALITY LOAN SERVICE CORP.; BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MLMI TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007 HE1; U.S. BANK, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MLMI TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007 HE1, <br><br> Defendants. | Case No. CV12-00909 JHN (AJWx) <br><br> **VERIFIED COMPLAINT:** <br><br> 1. **VIOLATION OF TILA** <br><br> 2. **TO ENJOIN FORECLOSURE SALE AND FOR DECLARATORY RELIEF** <br><br> 3. **CANCELLATION OF INSTRUMENTS** <br><br> 4. **QUIET TITLE** |

///

**PLAINTIFF'S VERIFIED COMPLAINT**
- 1 -

Plaintiff Silvio Antonio Peralta alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1331 for federal question and 15 U.S.C. §1640 for Truth in Lending Act. This Court also has jurisdiction pursuant to 28 U.S.C. §2201(a) because this Verified Complaint seeks Declaratory Relief.

2. Venue is proper in this court in that the real property that is the subject of this action is located in the County of Los Angeles, California, which is within this judicial district.

## PARTIES

3. Plaintiff Silvio Antonio Peralta ("Plaintiff") is now, and at all times relevant to this Verified Complaint the owner of the real property commonly known as 14413 Brink Avenue, Norwalk, CA 90650, County of Los Angeles ("Subject Property"). The legal description for the subject property is:

Lot 15 in Block "J", Tract 5260, in the City of Norwalk, County of Los Angeles,
State of California, as Per Map recorded in Book 63 Page 9, of Maps, in the
Office of the County Recorder of said County. APN: 8073-011-015

4. F.C.I., a California Corporation ("F.C.I."), and at all times relevant to this Verified Complaint was the original Trustee under the Deed of Trust described in paragraph 15 of this Verified Complaint.

5. Defendant People's Choice Home Loan, Inc. ("People's Choice") is a dissolved Wyoming corporation that dissolved on October 24, 2008, and at all times relevant to this Verified Complaint was the lender/beneficiary of the Deed of Trust.

6. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), and at all times relevant to this Verified Complaint was named as a separate corporation that is acting solely as nominee for Defendant People's Choice as Lender and Lender's successors and assigns in the Deed of Trust.

7. Defendant Wilshire Credit Corporation ("Wilshire"), and at all times relevant to this Verified Complaint, claims an unknown beneficial interest in Plaintiff's Deed of Trust.

8.    Defendant Quality Loan Service Corp. ("Quality"), as Agent/Trustee, and at all times relevant to this Verified Complaint was wrongfully appointed as the Agent/Trustee under the Notice of Default and Election to Sell dated March 10, 2009, and recorded March 11, 2009, as instrument number 20090345529, attached hereto as Exhibit 5, and was wrongfully appointed as the Trustee to conduct the pending Trustee's Sale currently scheduled for February 6, 2012 on Plaintiff's real property, under the Notice of Trustee's Sale dated December 21, 2011, and recorded on December 23, 2011, as instrument number 20111745322, attached hereto as Exhibit 9.

9.    Defendant Bank of America, N.A., as Successor by Merger to LaSalle Bank, as Trustee for the Certificate Holders of the MLMI Trust Mortgage Loan Asset-Backed Certificates, Series 2007 HE1("BOA"), and at all times relevant to this Verified Complaint, claims by wrongful assignment a beneficial interest in Plaintiff's Deed of Trust.

10.    Defendant U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, as Trustee for the Certificate Holders of the MLMI Trust Mortgage Loan Asset-Backed Certificates, Series 2007 HE1 ("U.S. Bank"), and at all times relevant to this Verified Complaint, claims by wrongful assignment a beneficial interest in Plaintiff's Deed of Trust.

## PRELIMINARY STATEMENT

11.    In this action, Defendants Wilshire, Quality, BOA and U.S. Bank are attempting to foreclose on Plaintiff's real property. None of these Defendants have standing to enforce the Note because not any one of them, are the owners of Plaintiff's Note. None of these Defendants are the holders of Plaintiff's Note, and not any one of them is a beneficiary under Plaintiff's Note. Only a noteholder or a beneficiary under the Deed of Trust has the capacity to exercise the power of sale.

12.    The documents that the Defendants are relying on to give them authority to foreclose are on Plaintiff's real property are void.

13.    If an entity attempting to foreclose on real property that does not own or have the right to enforce the loan, note or deed of trust, the entity does not have standing to sue and/or

foreclose in a judicial or non-judicial foreclosure sale, then that entity does not qualify as a real party in interest under Rule 17 of the Federal Rules of Civil Procedure.

### MATERIAL FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. On or about October 24, 2006, Plaintiff, as borrower, made, executed and delivered to Defendant People's Choice, a purported written promissory note in the amount of $442,000.00.

15. To secure payment of the principal sum and interest as provided for in the note and as part of the same transaction, Plaintiff, as Trustor, executed and delivered to Defendant People's Choice, the beneficiary, a purported Deed of Trust ("DOT") also dated October 24, 2006, and recorded on November 2, 2006, as instrument number 06-2435555, in the amount of $442,000.00, by the terms of which Plaintiff, as Trustor, and F.C.I. as Trustee of the subject DOT described in this Verified Complaint. A copy of the DOT is attached hereto as Exhibit 1 and incorporated herein by reference.

16. On or about March 4, 2009, Defendant MERS as nominee for caused to be recorded a Corporation Assignment of Deed of Trust dated February 11, 2009 ("1st Assignment"), as instrument number 2090305560 in the Official Records of Los Angeles County, California, purportedly assigning and transferring the beneficial interest from Defendant People's Choice to LaSalle Bank, N.A. as Trustee for the Certificate Holders of the MLMI Trust Mortgage Loan Asset-Backed Certificates, Series 2007 HE1. Said assignment was untimely and occurred approximately two (2) years after this Trust closed in 2007. A copy of the 1st Assignment is attached hereto as Exhibit 2 and incorporated herein by reference.

17. The 1st Assignment by Defendant MERS recorded March 4, 2009 to LaSalle Bank, N.A. as Trustee was executed and recorded approximately 7 months after the lender/beneficiary Defendant People's Choice's corporation had been dissolved in Wyoming in October, 2008. A copy of the State of Wyoming, Secretary of State filing information is attached hereto as Exhibit 3 and incorporated by reference.

18. As a result of the death of People's Choice in October of 2008, Defendant MERS' role as an agent or nominee of Defendant People's Choice terminated.

19. An agency is terminated by the death of the principal pursuant to California Civil Code §2356.

20. In addition, said 1st Assignment to LaSalle Bank, N.A. as Trustee for the Certificate Holders of the MLMI Trust Mortgage Loan Asset-Backed Certificates, Series 2007 HE1 ("Loan Trust") by Defendant MERS recorded March 4, 2009 was executed and recorded 14 months after LaSalle Bank had ceased and Defendant BOA acquired LaSalle Bank, N.A. A copy of the information in reference to LaSalle Bank acquired by Defendant BOA is attached hereto as Exhibit 5 and incorporated by reference.

21. At the time Defendant MERS assigned the Deed of Trust to LaSalle Bank, N.A. it was unable to assign any interest to LaSalle Bank, N.A. as Trustee for the Loan Trust because LaSalle Bank, N.A. did not exist.

22. At the time of the 1st Assignment, the Loan Trust was closed and could not have been assigned Plaintiff's Note or Deed of Trust.

23. On or about March 11, 2009, Defendant Quality as Agent/Trustee for Defendant Wilshire, caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") dated March 10, 2009, as instrument number 20090345529 in the Official Records of Los Angeles County, California. A copy of the NOD is attached hereto as Exhibit 4 and incorporated herein by reference.

24. On or about April 22, 2009, Defendant Wilshire as attorney-in-fact for LaSalle Bank, N.A. as Trustee of the Loan Trust caused to be recorded a Substitution of Trustee ("SOT") dated March 18, 2009, as instrument number 20090584688, in the Official Records of Los Angeles County, California, substituting the original Trustee under the DOT, F.C.I. to Defendant Quality as the new Trustee under the DOT. A copy of the SOT is attached hereto as Exhibit 6 and incorporated herein by reference.

25. On or about December 17, 2010, Defendant Quality acting as trustee under the DOT, caused to be recorded a Notice of Trustee's Sale ("NOS") dated December 15, 2010 as instrument number 20101874638 in the Official Records of Los Angeles County, California, to conduct a Trustee's Sale that was previously scheduled for December 16, 2011 on Plaintiff's real

property. A copy of the NOS is attached hereto as Exhibit 7 and incorporated herein by reference.

26. On or about August 18, 2011, Defendant MERS caused to be recorded an Assignment of Deed of Trust ("2nd Assignment") dated August 11, 2011, as instrument number 20111113759 in the Official Records of Los Angeles County, California, assigning and transferring the beneficial interest to Defendant U.S. Bank, National Association as Successor Trustee to Bank of America, N.A. as Successor by Merger to LaSalle Bank, N.A. as Trustee for the Certificate Holders of the MLMI Trust Mortgage Loan Asset-Backed Certificates, Series 2007 HE1. Said assignment was also untimely and occurred approximately four (4) years after this Trust closed in 2007. A copy of the 2nd Assignment is attached hereto as Exhibit 8 and incorporated herein by reference.

27. On or about December 23, 2011, Defendant Quality as Trustee for Defendant Wilshire, caused to be recorded a Notice of Trustee's Sale ("NOS") dated December 21, 2011 as instrument number 20111745322 in the Official Records of Los Angeles County, California, to conduct the pending Trustee's Sale currently scheduled for February 6, 2012 on Plaintiff's real property. A copy of the NOS is attached hereto as Exhibit 9 and incorporated herein by reference.

28. Plaintiff's Note and DOT are one contract under California law.

29. Plaintiff's Note is a *non-negotiable instrument* because the principal amount is **not** fixed and contains additional undertakings and conditions on payment.

## FIRST CLAIM FOR RELIEF
## (VIOLATION OF TRUTH IN LENDING ACT)
## AGAINST DEFENDANT U.S. BANK

30. Plaintiff realleges and incorporates the allegations in the preceding paragraphs as set forth fully herein.

31. On or about August 18, 2011, Defendant MERS caused to be recorded 2nd Assignment transferring the beneficial interest to Defendant U.S. Bank, National Association as Successor Trustee to Bank of America, N.A. as Successor by Merger to LaSalle Bank, N.A. as

Trustee for the Certificate Holders of the MLMI Trust Mortgage Loan Asset-Backed Certificates, Series 2007 HE1.

32. The DOT at issue is secured by Plaintiff's principal residence.

33. The Truth in Lending Act ("TILA"), pursuant to U.S.C. §1641(g), requires notification to the borrower within thirty (30) days of any transfer or assignment of their mortgage loan to a third party.

34. Specifically, U.S.C. §1641(g) states:

"(g) **Notice of new creditor**

(1) **In general**
In addition to other disclosures required by this subchapter, not later than 30 Days after the date on which a mortgage loan is sold or otherwise transferred Or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-

(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debt is recorded; and
(E) any other relevant information regarding the new creditor.

(2) **Definition**
As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer."

35. With respect to Plaintiff, Defendant U.S. Bank allegedly received by assignment, a beneficial interest in his Note and Deed of Trust.

36. Defendant U.S. Bank is a "creditor" within the meaning of 15 U.S.C. §1641(g).

37. Said Deed of Trust secures an interest in real property that is Plaintiff's principal residence.

38. Upon receipt of this assignment from Defendant MERS, Defendant U.S. Bank was required to notify Plaintiff in writing of such transfer, within 30 days, and make all the disclosures as set out above.

39. Defendant U.S. Bank failed to notify Plaintiff at all and therefore failed to make the requisite disclosures.

40. As a proximate result, Plaintiff demands judgment for statutory damages, costs and attorney' fees pursuant to 15 U.S.C. §1640(a).

## SECOND CLAIM FOR RELIEF

### (TO ENJOIN FORECLOSURE SALE AND FOR DECLARATORY RELIEF)

### AGAINST DEFENDANTS MERS; WILSHIRE; QUALITY; BOA AND U.S. BANK

41. Plaintiff realleges and incorporates the allegations in the preceding paragraphs as set forth fully herein.

42. Defendants, and each of them, have improperly commenced the foreclosure proceedings on Plaintiff starting from the defective, invalid and void 1st Assignment by Defendant MERS as nominee for People's Choice recorded March 4, 2009 to LaSalle Bank, N.A. as Trustee for the Loan Trust.

43. At the time Defendant MERS assigned the DOT to LaSalle Bank, N.A. as Trustee for the Loan Trust in March, 2009, Defendant MERS' agency on behalf of People's Choice had terminated some 7 months earlier in October, 2008, and was not able to act as an agent or nominee for Defendant People's Choice under the DOT to assign the interest to LaSalle Bank, N.A. as Trustee for the Loan Trust.

44. The 1st Assignment was a nullity.

45. As previously alleged, under California law, agency terminates with the death of the principal pursuant to Civil Code §2356.

46. In addition, the 1st Assignment was executed and recorded 14 months after LaSalle Bank had ceased and Defendant BOA acquired LaSalle Bank, N.A. and ceased operating under that name.

47. The 1st Assignment is also impossibility because it occurred well after the Loan Trust had closed to new assets.

48. The NOD recorded by Defendant Quality is defective, invalid and void because it flows from the defective, invalid and void 1st Assignment.

49. In the NOD, Defendant Quality is alleging to be acting as the Agent for Defendant MERS or as duly substituted trustee.

50. Pursuant to the DOT Defendant MERS is acting as beneficiary solely as nominee for Defendant People's Choice.

51. Pursuant to the DOT only the Lender has the power to invoke the power of sale.

52. On or about March 10, 2009, Defendant People's Choice was still the Lender of record under the DOT because the 1st Assignment was void.

53. Defendant People's Choice could not have invoked the power of sale on or about March 10, 2009 because Defendant People's Choice no longer existed on that date.

54. The SOT recorded April 22, 2009 is defective, invalid and void because it also flows from the defective, invalid and void 1st Assignment from MERS to LaSalle Bank, N.A.

55. On or about December 17, 2010, Defendant Quality acting as trustee under the DOT caused to be recorded a NOS dated December 15, 2010 which is defective, invalid and void because it also flows from the defective, invalid and void 1st Assignment and SOT.

56. On or about August 18, 2011, Defendant MERS caused to be recorded the 2nd Assignment dated August 11, 2011. Said assignment was untimely and occurred approximately four (4) years after the Loan Trust closed in 2007 and is defective, invalid and void because it also flows from the defective, invalid and void 1st Assignment from MERS to LaSalle Bank, N.A.

57. On or about December 23, 2011, Defendant Quality as Trustee for Defendant Wilshire, caused to be recorded a Notice of Trustee's Sale ("2nd NOS") dated December 21, 2011 as instrument number 20111745322 in the Official Records of Los Angeles County, California, to conduct the pending Trustee's Sale currently scheduled for February 6, 2012 on Plaintiff's real property. A copy of the NOS is attached hereto as Exhibit 9 and incorporated herein by reference.

58. The 1st NOS recorded in December, 2010 and the 2nd NOS recorded in December, 2011 are defective, invalid and void also because they too, flow from the defective, invalid and void Assignment from MERS to LaSalle Bank, N.A., recorded in March, 2009.

59. Before a trustee can act under a Deed of Trust and commence foreclosure, they must be empowered by the beneficiary by a deed of trust or a valid assignment properly recorded prior to, in the county in which the trust property is located.

60. A trustee can be enjoined from conducting an invalid, defective and void foreclosure sale and a trustee can be held liable for damages for proceeding with a foreclosure sale based on void instruments.

61. A trustee sale may be enjoined when the beneficiary or the trustee is not following the proper statutory procedures regarding such sales pursuant to Civil Code Sections 2924, et seq., 2934 and 2932.5.

62. If a foreclosure sale is allowed to proceed, the burden on Plaintiff significantly outweighs the benefit to Defendants, and each of them. By contrast, if the foreclosure sale is enjoined, the burden to Defendants is minimal and is not outweighed by the benefit to Plaintiff.

63. The Subject Property is the Plaintiff's family home.

64. It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation.

65. Defendants Wilshire, Quality, BOA and U.S. Bank do not have any interest in Plaintiffs' Note and Deed of Trust.

66. An actual controversy exists between Plaintiffs and Defendants as to their respective rights and duties under Plaintiffs' Note and Deed of Trust.

67. An actual controversy exists between the Plaintiffs and Defendants as to the validity of recorded instruments where Plaintiffs allege they are void and Defendants assert they are valid.

68. Plaintiffs desire a judicial determination and declaration of Plaintiffs' and Defendants' respective rights and duties and such a declaration is appropriate at this time so that Plaintiffs may determine their rights and duties before their real property is sold at a defective, invalid and void foreclosure sale by the Defendants.

69. Enjoining the Defendants will adequately relieve the harm sought to be avoided.

///

## THIRD CLAIM FOR RELIEF

## (CANCELLATION OF INSTRUMENTS)

## AGAINST DEFENDANTS MERS; WILSHIRE; QUALITY; BOA AND U.S. BANK

70. Plaintiff realleges and incorporates the allegations in the preceding paragraphs as set forth fully.

71. Defendants, and each of them, claim an estate or interest in Subject Property, but Defendants' claims are without any rights; Defendants' have no estate, right, title, or interest in Subject Property.

72. The claims of Defendants are based on the following recorded instruments on Plaintiff's Subject Property:

73. On or about March 4, 2009, Defendant MERS as nominee for People's Choice caused to be recorded the 1st Assignment in the Official Records of Los Angeles County, California, purportedly assigning and transferring the beneficial interest from Defendant People's Choice to LaSalle Bank, N.A. as Trustee for the Loan Trust.

74. For all the aforementioned reasons in this Verified Complaint, the 1st Assignment is void.

75. For all the aforementioned reasons in this Verified Complaint, the NOD is void.

76. For all the aforementioned reasons in this Verified Complaint, the 2nd Assignment is void.

77. For all the aforementioned reasons in this Verified Complaint, the SOT is void.

78. For all the aforementioned reasons in this Verified Complaint, the 1st NOS is void.

79. For all the aforementioned reasons in this Verified Complaint, the 2nd NOS is void.

80. All of the above recorded instruments appear valid on their face, but they are invalid, defective and void, and of no force or effect regarding Plaintiffs' interests in their real property.

///

81. The estate or interest in Plaintiffs' real property by the Defendants are based on the above invalid, defective and void recorded instruments, and are a cloud on Plaintiffs' title in and to Plaintiffs' real property, which tends to depreciate its market value, restricts Plaintiffs' full use and enjoyment of their real property, and hinders Plaintiffs' rights to unrestricted alienation of it.

82. If the above invalid, defective and void recorded instruments are not cancelled, Plaintiffs have a reasonable apprehension that they will suffer harm in the loss of their real property, especially to parties with no right, title or interest to it.

## FOURTH CLAIM FOR RELIEF

### (QUIET TITLE)

### AGAINST DEFENDANTS BOA; AND U.S. BANK

83. Plaintiff realleges and incorporates the allegations in the preceding paragraphs as set forth fully herein.

84. Plaintiff Silvio Antonio Peralta is now, and at all times relevant to this Verified Complaint the owner by grant deed of the real property commonly known as 14413 Brink Avenue, Norwalk, CA 90650, County of Los Angeles ("Subject Property"). The legal description for the subject property is:

Lot 15 in Block "J", Tract 5260, in the City of Norwalk, County of Los Angeles,

State of California, as Per Map recorded in Book 63 Page 9, of Maps, in the

Office of the County Recorder of said County. APN: 8073-011-015

85. Plaintiff seeks to quiet title against the following claims of Defendants:

86. Defendant BOA claims a beneficial interest in Subject Property by the 1st Assignment as described in this Verified Complaint as the Successor in Interest to LaSalle Bank, N.A.

87. The 1st Assignment is void for all the aforementioned reasons in this Verified Complaint.

88. BOA holds no beneficial interest in Plaintiff's Note.

89. BOA holds no beneficial interest Plaintiff's Deed of Trust.

90. BOA holds no beneficial interest in Plaintiff's Subject Property.

91. BOA is an interloper to Plaintiff's contracts.

92. Defendant U.S. Bank claims a beneficial interest in Plaintiff's by the 2nd Assignment as described previously in this Verified Complaint.

93. The 2nd Assignment is void for reasons outlined in the preceding paragraphs of this Verified Complaint.

94. The MLMI Trust Mortgage Loan Asset-Backed Certificates, Series 2007 HE1 (REMIC Trust) to which U.S. Bank, N.A. is acting as trustee, is a trust registered with the Securities and Exchange Commission ("SEC").

95. The REMIC Trust is organized to benefit from the Real Estate Mortgage Investment Conduit provisions of the tax code starting at 26 U.S.C. 860D.

96. The cutoff date for new assets into REMIC Trust as defined in the Pooling and Servicing Agreement ("PSA") filed with the SEC was February 1, 2007.

97. The closing date for the REMIC Trust was March 8, 2007 as defined by the PSA.

98. The startup day of the REMIC Trust was March 8, 2007.

99. Plaintiffs are not challenging or seeking to enforce any of the contractual provisions of the REMIC Trust.

100. Plaintiffs merely cite that publically available facts that are contained into those documents as filed with the SEC to assert that U.S. Bank did not acquire beneficial interest in Plaintiffs' Note or Deed of Trust as alleged by the aforementioned instruments filed with the Los Angeles County Recorder.

101. U.S. Bank holds no beneficial interest in Plaintiff's Note.

102. U.S. Bank holds no beneficial interest in Plaintiff's Deed of Trust.

103. U.S. Bank holds no beneficial interest in Plaintiff's Subject Property.

104. U.S. Bank is an interloper to Plaintiff's contracts.

105. Defendants Wilshire, Quality, BOA and U.S. Bank do not presently have nor have Defendants ever had any beneficial interest in Plaintiff's real property.

106. Plaintiff names as Defendants in this action all persons or entities unknown

claiming (a) any legal or equitable right, title, estate, lien, or interest in Plaintiff's real property described in this Verified Complaint adverse to Plaintiff's title, or (b) any cloud on Plaintiff's title to the real property.

107. The claims of each unknown Defendant are without any right, and these Defendants have no right, title, estate, lien, or interest in Plaintiff's real property described in paragraph 3 of this Verified Complaint.

108. Plaintiff desires and are entitled to a judicial declaration quieting title in Plaintiff's real property commencing March 4, 2009 and continuing until December 23, 2011 as stated in the above recorded instruments on Plaintiff's real property.

**WHEREFORE**, Plaintiff prays as follows:

On the First Claim for Relief:

1. For judgment for statutory damages, costs and attorney' fees pursuant to 15 U.S.C. §1640(a);

On the Second Claim for Relief:

2. For an Order Enjoining the Foreclosure Sale and for the Court to issue a Declaration of the rights and duties of the parties;

On the Third Claim for Relief:

3. For an Order cancelling the foregoing instruments:

Corporation Assignment of Deed of Trust dated February 11, 2009, and recorded on March 4, 2009, as instrument number 20090305560;

Notice of Default and Election to Sell dated March 10, 2009, and recorded on March 11, 2009, as instrument number 20090345529;

Substitution of Trustee dated March 18, 2009, and recorded on April 22, 2009, as instrument number 20090584688;

Notice of Trustee's Sale dated December 15, 2010, recorded on December 17, 2010, as instrument number 20101874638;

Assignment of Deed of Trust dated August 11, 2011, and recorded on August 18, 2011, as instrument number 201111113759; and

Notice of Trustee's Sale dated December 21, 2011, recorded on December 23, 2011, as instrument number 201111745322.

On the Fourth Claim for Relief:

4. For an Order quieting title to Plaintiff as the owner of the real property located at: 14413 Brink Avenue, Norwalk, CA 90650, County of Los Angeles, declaring that Defendants and each of them, have no right, title, estate, lien, or interest in the Property adverse to Plaintiff.

On All Claims for Relief:

1. For injunctive relief against all Defendants, and each of them, their successors, assigns, agents, servants, employees, and all those acting in concert with them, from selling and unless otherwise restrained during the pendency of this action, will sell or causing to be sold, Plaintiffs' real property located at: 14413 Brink Avenue, Norwalk, CA 90650, County of Los Angeles, all to Plaintiff's great and irreparable injury in that Defendants have scheduled an invalid, defective and void Trustee's Sale to take place on or after February 6, 2012. If the foreclosure sale takes place, Plaintiff will have no right to redeem his real property from the invalid, defective and void foreclosure sale, and will forfeit it.

The scheduled foreclosure sale is wrongful, invalid, defective and void and should be enjoined by virtue of the facts alleged in this Verified Complaint. Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief prayed for is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's real property and interest for which pecuniary compensation would not afford adequate relief.

2. For costs of suit;

3. For reasonable attorney fees; and

4. For all other and further relief as the Court deems just and proper.

Respectfully submitted.

Dated: January 20, 2012

ALAN L. GERACI, PC

_____
Alan L. Geraci, Esq.
Attorneys for Plaintiff

PLAINTIFF'S VERIFIED COMPLAINT
- 15 -

## VERIFICATION

I, Silvio Antonio Peralta, declare as follows:

I am the Plaintiff in the above-titled action and I have read the Verified Complaint and I know its contents. The same is true of my knowledge, except as to those matters that are alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true.

Dated this 20th day of January, 2012, at Norwalk, CA.

_____
Silvio Antonio Peralta, Declarant